UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LINDA MCKNIGHT, as surviving spouse of ERNEST MCKNIGHT, and as the Executrix of the ESTATE OF ERNEST MCKNIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | § § § § § § § § § § § § § Civil Action No. _____ <br><br> CV 415-311 |

## COMPLAINT FOR WRONGFUL DEATH AND ESTATE DAMAGES

Plaintiffs show the Court as follows:

1.

This is a medical malpractice wrongful death and estate damages case against officers, agents, employees and representatives of Defendant USA for failures in timely diagnosing, treating, and facilitating referral specialty care for Ernest McKnight who died of liver cancer on December 22, 2012.

2.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C §§2671-2680, and jurisdiction is proper in this Court under 28 U.S.C. §1346(b).

3.

Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. §1402(b).

1

4.

Plaintiff, Linda McKnight, surviving spouse of Ernest McKnight, has been a resident of Liberty County, Georgia as was her husband Ernest McKnight, since at least 2007.

5.

Plaintiff, Linda McKnight, is the Executrix of the Estate of Ernest McKnight and was duly appointed as such by the Probate Court of Liberty County, Georgia on July 22, 2014.

6.

The Defendant is the United States of America, its officers, agents, employees and representatives.

7.

At all times mentioned herein, Winn Army Community Hospital ("WACH") at Fort Stewart, Georgia, as an entity and/or agency of the United States Department of the Army, was an entity and/or agency of Defendant United States of America (hereinafter "USA"). Defendant USA may be served with process through the United States Attorney General in Washington, D.C., Loretta E. Lynch, 950 Pennsylvania Ave, N.W., Washington, D.C. 20530-0001 and the United States Attorney Edward J. Tarver or Assistant United States Attorney or civil process clerk of the office of the United States Attorney for the Southern District of Georgia, 22 Barnard Street, Suite 300, Savannah, Georgia 31401, all by certified mail return receipt requested. The Department of the Army may be served with process through S. Tennaile Timbrook, SJA Claims Division, 1791 Gulick Avenue, Building 709 Fort Stewart, GA 31314, and Mr. Charles Tripp, Jr., Attorney Advisor, Eastern U.S. Torts Branch, Department of the Army, US Army Claims Service, Office of the Judge Advocate General, 4411 Llewellyn Avenue, Suite 5360, Fort George G Meade, MD 20755-5125 by certified mail return receipt requested.

8.

Plaintiff Linda McKnight, in her capacity as surviving spouse of Ernest McKnight, filed a timely administrative claim for the wrongful death of Ernest McKnight with the USA/Department of the Army on September 20, 2013 for a "sum certain" of five million dollars ($5,000,000.00). Said claim was received and acknowledged by the Fort Stewart Judge Advocates Office/Department of the Army on September 20, 2013.

9.

Plaintiff Linda McKnight, in her capacity as executrix of the estate of Ernest McKnight, filed a timely administrative claim for estate damages incurred by the Estate of Ernest McKnight with the USA/Department of the Army on September 11, 2014 for a "sum certain" of five million dollars ($5,000,000.00). Said claim was received and acknowledged by the Fort Stewart Judge Advocates Office/Department of the Army on September 11, 2014.

10.

At all times mentioned herein, Defendant United States of America, through its agency the Department of Veterans Affairs (the "VA"), owned and operated VA health care facilities in Hinesville, Georgia, (Hinesville VA clinic) Savannah, Georgia ("Savannah VA clinic"), and Charleston, South Carolina ("Charleston VAMC"). For purposes of service of process on the Defendant USA for the claims herein pertaining to the Department of Veterans Affairs, Defendant USA may be served with process through the United States Attorney General in Washington, D.C., Loretta E. Lynch, 950 Pennsylvania Ave, N.W., Washington, D.C. 20530-0001 and the United States Attorney Edward J. Tarver or Assistant United States Attorney or civil process clerk of the office of the United States Attorney for the Southern District of

Georgia, 22 Barnard Street, Suite 300, Savannah, Georgia 31401, all by certified mail return receipt requested. The Department of Veterans Affairs may also be served with process by certified mail to Daniel Rattray, Office of General Counsel, 251 N. Main Street, Winston Salem NC 27155.

11.

Linda McKnight as surviving spouse of Ernest McKnight and as Executrix of the Estate of Ernest McKnight timely filed administrative claims for wrongful death and estate damages for a "sum certain" of five million dollars ($5,000,000.00) for each claim against the Department of Veterans Affairs for which the VA acknowledged receipt as of December 12, 2014.

## FACTS

12.

Ernest McKnight was born on February 9, 1961, joined the United States Army on or around October 13, 1983, married Linda McKnight, formerly Linda Harris on May 19, 1984 and received an Honorable Discharge from the United States Army upon retirement on or around February 28, 2006 at the rank of E-8 (First Sergeant).

13.

During his Army career from 1983-2006, Ernest McKnight received medical care at multiple United States Department of Defense (DOD) and Department of the Army medical facilities including, but not limited to, Winn Army Community Hospital (WACH) at Fort Stewart, Georgia, the VA Medical Center in Charleston, South Carolina and VA clinics in Hinesville and Savannah, Georgia.

4

14.

Ernest McKnight was initially diagnosed with Hepatitis B in or around 1984 within the United States Department of Defense/U.S. Army medical system.

15.

There are numerous references going back to the 1990's and continuing forward to 2011 regarding Ernest McKnight's hepatitis diagnosis/condition within his DOD/United States Army medical records and his VA medical system records.

## CLAIMS AGAINST WINN ARMY COMMUNITY HOSPITAL/DEPARTMENT OF THE ARMY

16.

The allegations set forth in paragraphs 1 through 15 are realleged and incorporated herein by reference.

17.

From at least the time of his Army retirement in 2006 through 2012 Ernest McKnight sought and received medical care and treatment at WACH.

18.

Brian Walker, P.A. (Physicians Assistant) is listed as the "PCM" (believed to be "primary care manager") for Ernest McKnight within his WACH medical records going back to at least 2005 and continuing through September 2012.

19.

It appears that Brian Walker, P.A., may not have personally seen Ernest McKnight as a patient at WACH until a documented visit to the WACH Family Practice Clinic on September 7, 2010.

20.

From September 7, 2010 until Ernest McKnight was referred outside the WACH medical system to a gastroenterologist, George Aragon, M.D. at the Center for Digestive and Liver Health in Savannah, Georgia in the latter half of September 2012, Brian Walker, P.A. remained the PCM for Ernest McKnight at WACH and had additional documented physician's assistant/ patient interactions with him to include, but not necessarily limited to, those of October 21, 2010; December 14, 2010; March 7, 2011; March 15, 2011; March 21, 2011; January 26, 2012; June 28 and 29, 2012; and September 24, 2012.

21.

On each healthcare provider interaction Brian Walker, P.A. had with Ernest McKnight set forth within the previous paragraph, to include that of January 26, 2012 and June 28, 2012, Brian Walker, P.A., held himself out to Ernest McKnight as a primary healthcare provider competent and qualified to render primary health care and treatment to Ernest McKnight.

22.

On each occasion referenced within the preceding two (2) paragraphs, Brian Walker, P.A. owed a duty to his patient Ernest McKnight to provide care and treatment in compliance with the standard of care applicable to primary healthcare providers in the same or similar circumstances.

23.

Brian Walker, P.A. did not comply with the standard of care applicable to primary health care providers in the same or similar circumstances, breached said duties owed to his patient Ernest McKnight and was therefore negligent in his care and treatment of Ernest McKnight on each of the dates set forth in paragraphs 20 and 21 herein in (1) failing to perform and document a proper history which should have elicited and identified Mr. McKnight's long standing hepatitis history and (2) in failing to promptly refer Mr. McKnight to a medical specialist such as a gastroenterologist to address his history of elevated liver enzymes and hepatitis condition. Brian Walker, P.A. was additionally negligent on each such occasion set forth in paragraphs 20 and 21 herein in not consulting, reviewing and/or referencing Mr. McKnight's prior medical records within the DOD and VA systems available at WACH, to include his prior VA medical system records and his prior DOD military records which included prior WACH records.

24.

Specifically concerning the primary healthcare provider/patient interaction between Brian Walker, P.A. and Ernest McKnight of January 26, 2012 at WACH, Brian Walker, P.A. was negligent, in addition to the enumerations of negligence set forth in the preceding paragraph, in that not only did he fail to once again take and document a proper history and elicit and identify the hepatitis history, but he also failed to recognize the significance of the liver enzyme

measurements which had increased from the March 2011 values and which should have given him even more cause to investigate any hepatitis history of Mr. McKnight (which would have included specifically questioning Mr. McKnight and documenting such as well as consulting, reviewing and/or referencing prior VA and DOD records) and promptly refer him to a specialist such as gastroenterologist.

25.

Specifically concerning the primary healthcare provider/patient interaction between Brian Walker, P.A. and Ernest McKnight of June 28, 2012 at WACH, Brian Walker, P.A. was additionally negligent in not monitoring the progression of the abdominal CT scan request which he had made as a result of an ultrasound requested by him on June 28, 2012 which was reported as of the next day, June 29, 2012, to have indicated liver abnormalities requiring further and more detailed radiology imaging. The standard of care required that Brian Walker, P.A. follow-up on the abdominal CT scan interpretation of July 9, 2012 (which he had requested), realize/learn that there was no mention of any liver abnormalities in said CT scan report of July 10, 2012, and investigate and obtain a prompt re-read or re-evaluation of the CT scan well before over two(2) months later when it was first reported that said July 9, 2012 CT scan showed an abnormal mass within the liver which could represent a hepatic neoplasm/liver cancer.

26.

As a result of Brian Walker's negligence set forth herein, no diagnosis of liver cancer was made until the latter part of September 2012, at the earliest, at which point in time it was too late to save Ernest McKnight's life or extend his life for any significant time period.

27.

Other primary health care providers at WACH including, but not limited to, Wasil Mohammad Aqil, failed to comply with the applicable standards of care in their care and treatment of Ernest McKnight, and were therefore negligent in not recognizing Mr. McKnight's hepatitis history and his history of elevated liver enzymes and facilitating a specialty referral to a gastroenterologist. Specifically as to Wasil Muohammad Aqil, he was negligent on June 14, 2012 in failing to take and document a proper history which would have elicited and identified the hepatitis history of Ernest McKnight, and in failing to promptly facilitate the referral of Ernest McKnight to a specialist such as a gastroenterologist.

28.

The affidavit of Glenn Carter, M.D., board certified in Internal Medicine and longtime practicing primary care physician, is attached hereto as Ex. 2 and incorporated herein by reference. Said affidavit sets forth at least one standard of care deviation of Brian Walker, P.A. and Wasil Mohammad Aqil regarding their patient Ernest McKnight, pursuant to O.C.G.A. §9-11-9.1 to the extent such may be required.

29.

At all times set forth herein, Brian Walker, P.A., was acting within the scope and course of his employment and/or agency with Defendant USA/Department of the Army/Winn Army Community Hospital and thus all such negligence alleged herein of Brian Walker, P.A. is as a matter of law imputed to his employer and/or principal the Defendant United States of America.

30.

At all times set forth herein, Wasil Mohammad Aqil was acting within the scope and course of his employment and or agency with Defendant USA/Department of the Army/Winn Army Community Hospital and thus all such negligence alleged herein of Wasil Mohammad Aqil is as a matter of law imputed to his employer and/or principal Defendant United States of America.

## CLAIMS AGAINST THE DEPARTMENT OF VETERANS AFFAIRS

31.

The allegations set forth in paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.

Employees and/or agents of the United States Department of Veterans Affairs ("VA") failed to exercise that degree of skill and care ordinarily employed by such healthcare professionals in the same or similar circumstances and were therefore negligent in their care and treatment of Ernest McKnight.

33.

More specifically, but not exhaustive of all negligence imputed to the VA, Dianne Jeanne Quante Campbell, M.D. ("Dr. Campbell"), who was an employee and/or agent of the Department of Veterans Affairs and/or VA at all times herein, held herself out at various points in time in 2010 and 2011 to Ernest McKnight as a primary health care provider physician competent and qualified to render primary health care at the VA to him.

34.

Dr. Campbell owed a duty to her patient Ernest McKnight to provide him healthcare and treatment in compliance with the accepted standards of care.

35.

On multiple occasions including, but not necessarily limited to, November 18, 2010 and March 15, 2011, and continuing into 2012, Dr. Campbell failed to exercise that degree of skill and care ordinarily exercised by primary care providers/physicians in same or similar circumstances, breached said duties owed to Ernest McKnight and was therefore negligent in her care and treatment of Ernest McKnight in not consulting or making contact with his primary care provider at WACH regarding Mr. McKnight's hepatitis condition and the need for specialty referral.

36

Furthermore, Anna M. White, LPN, who was an employee/agent of the VA primary care clinic in Savannah, GA, and thus an employee/agent of Defendant USA, breached the duty she owed to Ernest McKnight beginning in November 23, 2010, and moving forward into 2012 in not consulting with his healthcare providers at WACH regarding his hepatitis condition.

37.

The affidavit of Glenn Carter, M.D., board certified in Internal Medicine and longtime practicing primary care physician, is attached hereto as Ex. 2 and incorporated herein by reference. Said affidavit sets forth at least one standard of care deviation of Dianne Jeanne

Quante Campbell, M.D. and Anne M. White, LPN regarding patient Ernest McKnight, pursuant to O.C.G.A. §9-11-9.1 to the extent such may be required.

38.

All such negligence of any employees or agents of the VA, including that of Dr. Campbell and Nurse White as set forth herein, is hereby as a matter of law imputed to the VA and thus to Defendant USA as both Dr. Campbell and Nurse White were acting within the scope and course of their employment and/or agency with Defendant USA and the VA.

## CAUSATION

39.

The allegations set forth in paragraphs 1 through 38 are realleged and incorporated herein by reference.

40.

Had the standards of care set forth within this complaint and the affidavit of Glenn Carter, M.D. (attached hereto as Ex. 2 and incorporated by reference hereto) been met by the Defendant USA via its employees and agents as set forth in the complaint and the incorporated affidavit of Glenn Carter, M.D. (Ex.2), Ernest McKnight would not have died on December 22, 2012, but would have lived significantly longer. (See attached Exhibits 1,3,4).

41.

Attached hereto as Ex. 1 and incorporated herein by reference is the affidavit of George Aragon, M.D. which establishes his opinion to a reasonable degree of medical certainty and

probability that if Ernest McKnight had been referred to him as a patient at some point in time during latter 2011 through the Spring of 2012 (instead of not until September 2012), his liver cancer tumor would have been significantly smaller and much more amenable to curative treatment than when first diagnosed in latter September 2012, and his life expectancy, even as of July 2012, significantly greater than it was when first diagnosed in latter September 2012.

42.

Attached hereto as Ex. 3 and Ex. 4, respectively, and incorporated herein by reference are the affidavits of John Roberts, M.D. (liver cancer and transplant surgeon) and Nicholas Fidelman, M.D. (interventional radiologist specializing in liver cancer treatment) which establish their opinions to a reasonable degree of medical certainty and probability that Ernest McKnight would not have died on December 22, 2012, and would have lived significantly longer than he did had his liver cancer been diagnosed before latter September 2012.

## DAMAGES

43.

The allegations set forth in paragraphs 1 through 42 are realleged and incorporated herein by reference.

44.

As a result of Defendant USA's negligence as imputed to it from its employees' and/or agents' negligence as set forth herein, Ernest McKnight died, thus giving rise to a claim for wrongful death of which Linda McKnight as surviving spouse is entitled to be compensated for the full value of the life of Ernest McKnight. As such, Ms. McKnight has filed administrative

13

claims for her husband's wrongful death in the amounts of five million dollars ($5,000,000.00) against the United States Department of the Army and the Department of Veterans Affairs.

45.

As a result of Defendant USA's negligence as imputed to it from its employees' and/or agents' negligence as set forth herein, Ernest McKnight's Estate has been damaged thus giving rise to the estate's claims for his conscious pain and suffering, medical expenses, and funeral and burial expenses collectively valued at $5,000,000.00 as set forth in the two administrative claims filed with the Department of the Army and the Department of Veterans Affairs.

46.

Plaintiffs have filed contemporaneously herewith a Disclosure Statement pursuant to S.D. Ga. L.R. 7.1.1.

WHEREFORE, Plaintiffs pray:

a) that Defendants be served with the Summons and Complaint in this action;

b) that a judgment be entered against Defendant USA in the amount of $5,000,000 in compensation for the full value of the life of Ernest McKnight;

c) that a judgment be entered against Defendant USA in the amount of $5,000,000 in compensation for damages to the Estate of Ernest McKnight to include conscious pain and suffering, medical expenses, and funeral and burial expenses; and

d) for such other relief as the Court deems just and proper.

This 17th day of November, 2015.

                                      Arnold & Stafford

                                      <u>/s/   Jeffery L. Arnold</u>
                                      Jeffery L. Arnold
                                      Georgia Bar No. 023375

                                      <u>/s/   H. Craig Stafford</u>
                                      H. Craig Stafford
                                      Georgia Bar No. 673885

                                      <u>/s/  Andrew S. Johnson</u>
                                      Andrew S. Johnson
                                      Georgia Bar No. 107116

Post Office Box 339
Hinesville, GA   31310
(912) 369-4529